IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | CR. NO.:   2:07-CR-303-CSC |
| | ) | |
| JOE L. THOMPSON, JR. | ) | |

## **ORDER**

On December 18, 2008, the defendant file an *Unopposed Motion to Continue Trial* in this case (Doc. #27).   Upon consideration of the motion, the court concluded that the motion should be granted.

While the granting of a continuance is left to the sound discretion of the court, the Speedy Trial Act places limits on that discretion. *See*, 18 U.S.C. § 3161. Under the act, the trial of the defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. §3161(c)(1). *See United States v. Vassar*, 916 F.2d 624 (11th Cir. 1990). Excludes from this 70 day period any continuance that the judge grants "on the bases of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial". 18 U.S.C. §3161(h) (8) (A).  Before granting a continuance, the court must consider among other factors "[whether the failure to grant [the] continuance would be likely to result in a miscarriage of justice." 18 U.S.C. §3161(h) (8) (B)(I). See also United States v. Westland, 582F.2d 1022 (5th Cir. 1978).  The court also must consider "whether the failure to grant such a continuance would deny counsel for the defendant or the

attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §3161(h) (8) (B)(iv).

In this case, the defendant has applied for pretrial diversion from the United States Attorney. The additional approval process includes referral to the United States Probation Office for further completion of documents. There is only one defendant in this case, and the government does not object to a continuance. The diversion approval process cannot be completed before the present trial date. The court concludes that the ends of justice served by continuing this case outweigh the interests of the public and the defendant in a speedy trial.

Accordingly, it is hereby

**ORDERED** that the *Unopposed Motion to Continue Trial* (doc. #27) filed by the defendant be and is hereby **GRANTED**. The trial of this case presently set for January 13, 2009 be and is hereby **CONTINUED** to the trial term beginning on **March 16, 2009, at the United States District Court, in Montgomery, Alabama.** It is further

**ORDERED** that a final pretrial conference be and is hereby set for **January 16, 2009 at 1:00 p.m., Courtroom 4-B**, before the undersigned U.S. Magistrate Judge.

Done this 19th day of December, 2008.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE